IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR FACEBOOK, INC. ACCOUNT **100003308781682** **https://www.facebook.com/misty.jackson.927** | Misc. No. 3:20mc19 _____ **Filed Under Seal** |

## APPLICATION

The United States of America, moving by and through Lara Omps-Botteicher, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the Facebook, Inc. ("Facebook") accounts listed in Attachment A. In support of this application, the United States asserts:

1.  This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.  Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The Eastern Panhandle Drug and Violent Crimes Task Force (EPDVCTF), working with the United States Attorney's Office for Northern District of West Virginia, is investigating possible violations of federal criminal laws.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the EPDVCTF.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone

numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content.

11. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

12. Source and destination port numbers are also included in specific fields within the headers of data packets. Sometimes these port numbers identify the type of service that is connected with a communication (for example email or web-browsing), but they can also be used to identify a specific device on a private network, thus enabling multiple devices to share a single physical connection to a network.[1] In either case, port numbers are used to route data packets either to a specific device or a specific process running on a device. Thus, in both cases, port

---

[1] This parameter is frequently used by communication providers for routing of IP packets when utilizing Network Address Translation (NAT), which is common among cellular and residential Internet service providers.

3

numbers are used by computers to route data packets to their final destinations. When combined with the source and destination IP addresses, this routing information identifies the source device transmitting an IP packet and the destination device receiving the IP packet.

13. Facebook owns and operates a free-access social networking website of the same name that can be accessed through Facebook's mobile applications or through an Internet browser at http://www.facebook.com. Facebook allows its users to establish accounts with Facebook, and users can then use their accounts to share written news, photographs, videos, and other information with other Facebook users and sometimes with the general public. This activity can occur on a user's own profile page, the profile page of another user, or to a larger audience on a Facebook "Group," "Page," or "Event."

14. Facebook users can also exchange private messages on Facebook with other users through Facebook's website or through the Facebook Messenger service. Messages may contain attachments such as photos, video or audio recordings. In addition, users can engage in voice and video calls through the Facebook Messenger service. Although Facebook does not record the calls themselves, it does keep records of the date and time of each call.

15. Facebook captures IP address data for a given user. These records may reveal information about the type of action taken by a user, the date and time of the action, and the IP address associated with the action. For example, if a user uploads a photograph, Facebook would capture that fact along with the IP address used at that time. Similarly, Facebook captures the IP address used to login to a Facebook account. Information regarding such communications and activity can be recorded by pen-trap devices without revealing the contents of communications.

THE RELEVANT FACTS

16. The United States government, including the EPDVCTF, is investigating the distribution of narcotics in the Northern District of West Virginia. The investigation concerns possible violations by MISTY JACKSON, MICHAEL CHRISTIAN and others yet to be identified, inter alia, 21 U.S.C. §§ 841 and 846. The EPDVCTF obtained information that JACKSON has been distributing narcotics to individuals in the Northern District of West Virginia.

17. The conduct being investigated involves use of the accounts described in Attachment A. To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from those accounts.

## GOVERNMENT REQUESTS

18. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the accounts described in Attachment A (such as logins, posts, photo and video uploads, comments, direct messages, or Facebook Messenger chats, calls, or video chats), including, without geographic limit: the date, time, and duration of the communication; source and destination information (including account and device identifiers, login and transactional IP addresses, and port numbers); and any other header or routing information. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

19. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

20. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Facebook and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the EPDVCTF pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

21. If Facebook, or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States requests authorization to install and use its own pen register and trap and trace devices on the data network of Facebook, or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

22. The United States further requests that the Court order Facebook and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the EPDVCTF of any changes relating to the accounts described in Attachment A, and to provide prior notice to the applicant and the EPDVCTF before terminating or changing service to those accounts.

23. The United States further requests that the Court order that the EPDVCTF and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

24. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the

Court order Facebook and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until authorized by this Court, except that Facebook may disclose this Order to an attorney for Facebook for the purpose of receiving legal advice.

25. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

26. The United States further requests that the Clerk of the Court provide a copy of the Application and Order to the United States via e-mail to lara.omps-botteicher@usdoj.gov.

27. The United States further requests that the Clerk of the Court provide certified copies of this Order to the EPDVCTF and Facebook upon request.

28. The foregoing is based on information provided to me in my official capacity by agents of the EPDVCTF.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2020.

/s/ Lara K. Omps-Botteicher
Lara Omps-Botteicher
Assistant United States Attorney

## **ATTACHMENT A**

### **Facebook, Inc.**

| Facility | Subscriber, if known | Subject of investigation, if known |
|---|---|---|
| **100003308781682** | MISTY ROSE | MISTY JACKSON |